UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDDIE LOPEZ,

        Plaintiff,

v.                                      Case No. 6:21-cv-1282-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

## **OPINION AND ORDER**[1]

### I. Status

Eddie Lopez ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "mental," "back pain," and "neck pain." Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed October 21, 2021, at 95, 111, 221 (capitalization omitted). Plaintiff protectively filed an

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed October 21, 2021; Order (Doc. No. 18), entered January 20, 2022.

application for SSI on April 10, 2019. Tr. at 95, 110.[2] The application was denied initially, Tr. at 95-107, 108, 109, 136-38, and upon reconsideration, Tr. at 110-27, 128, 129, 131, 140-45, 147-52.[3]

On January 26, 2021, an Administrative Law Judge ("ALJ") held a telephonic hearing,[4] during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. Tr. at 33-68 (hearing transcript), 132, 134-35 (appointment of representative forms). At the time, Plaintiff was fifty-three (53) years old. Tr. at 45. On April 23, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-28.[5]

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 202-04 (request for review). On June 25, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On August 11, 2021, Plaintiff commenced this action under 42

---

[2] The actual application has not been located in the administrative transcript. Case summaries indicate April 10, 2019 as the filing date, see, e.g., Tr. at 95, 110, and this date is not disputed by either party.

[3] Some of these cited documents are duplicates.

[4] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 35-37.

[5] The administrative transcript also contains an ALJ decision dated October 31, 2017 that adjudicated a prior-filed SSI claim, Tr. at 72-84, as well as an Order of the Appeals Council denying review on that claim, Tr. at 89-91. The prior-filed SSI claim and agency decisions are not at issue here.

U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges: 1) "whether the transcription of the telephonic hearing was sufficient for adequate analysis and review as would permit a determination based upon substantial evidence"; and 2) "whether the [ALJ] provided the requisite complete copy of the documentary evidence used in deciding this claim." Joint Memorandum (Doc. No. 20; "Joint Memo"), filed February 4, 2022, at 5, 10 (emphasis and capitalization omitted). After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[6]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-28. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since April 10, 2019, the application date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: obesity, degenerative disc disease of the lumbar spine, arthrosis of the right wrist, anxiety, and depression." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform less than the full range of light work as defined in 20 [C.F.R. §] 416.967(b)[. Plaintiff] can walk and stand four hours total and whenever ambulating over 25 feet, he needs the use of a cane. He is able to occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. [Plaintiff] can frequently kneel and crouch, but has no limitations balancing. He

> can frequently reach bilaterally and handle on the right. [Plaintiff] is able to apply commonsense understanding to carry [out] instructions furnished in written, oral, or diagram form and to sustain concentration and pace to perform simple and repetitive tasks for two-hour periods over [an] eight-hour workday. He is able to occasionally interact with the public, co-workers, and supervisors, and to adapt to minimal changes at the workplace.

Tr. at 19-20 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Screw Machine Set Up Operator." Tr. at 26 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("51 years old . . . on the date the application was filed"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 27 (emphasis and citations omitted), such as "Photocopy Machine Operator," "Assembler Electrical Accessories," "Office Helper," "Addresser," "Document Preparer," and "Escort Driver," Tr. at 27-28. The ALJ concluded Plaintiff "has not been under a disability . . . since April 10, 2019, the date the application was filed." Tr. at 28 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported

by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues two points of alleged error. First, Plaintiff contends that because portions of the hearing transcript are inaudible, he has been deprived of "constitutional due process" and "fundamental[] unfair[ness] has resulted."

Joint Memo at 6. Plaintiff points to "65 areas designated as 'inaudible'" in the hearing transcript and asserts that he and the Court are "left guessing at the testimonial evidence." Id. at 7 (citations omitted). Plaintiff admits, however, that "about 10 of these problems were caught and clarified at the hearing." Id. (citations omitted). Second, Plaintiff argues that the ALJ erred by not including "all of the medical and/or other documentary evidence . . . in the exhibit file." Id. at 12. Plaintiff alleges this failure "infring[es] on [his] constitutional rights, as well as upon the ability of the Court to meaningfully review the decision and the decision-making process." Id. Specifically, Plaintiff points out that at the reconsideration level, the SSA lists various medical records it reviewed in deciding Plaintiff's claim that are not included in the administrative transcript and were not reviewed by the ALJ. Id. at 13 (citing Tr. at 129, 31). Responding, Defendant argues the ALJ did not abrogate the duty to develop a full and fair record, and Plaintiff has not shown prejudice from any evidentiary gaps. Id. at 8-10, 14-17. Because Plaintiff's arguments are related, they are addressed together.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)); see Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) (per curiam)). This requires an ALJ to "scrupulously and conscientiously probe into,

- 7 -

inquire of, and explore for all relevant facts." Henry, 802 F.3d at 1267 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)).

Relevant here, when an action is brought seeking judicial review of the Commissioner's final decision, the Commissioner "shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). A district court's review of the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) is limited to the administrative record. See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267-68 (11th Cir. 2007) (quoting Caulder v. Bowen, 791 F.2d 872, 876 (11th Cir. 1986)). Only if "the record reveals evidentiary gaps which result in unfairness or clear prejudice," is remand appropriate. Henry, 802 F.3d at 1267 (quoting Brown, 44 F.3d at 935).

As to Plaintiff's argument about portions of the hearing transcript reflecting "inaudible" testimony and argument, there are a large number of "inaudible" phrases in the transcript. See Tr. at 38-66. It appears that Plaintiff was not making a great effort at times when testifying. See Tr. at 53 (ALJ stating, "I, I really can't understand you Mr. Lopez. You - - . . . - - you have to make an effort. I, I cannot understand what you're saying"). Nevertheless, the

ALJ and Plaintiff's attorney on a number of occasions did have Plaintiff repeat some of the testimony that they were not able to hear. <u>See, e.g.</u>, Tr. at 47, 53, 54, 55. Although there are still a great number of times that small portions of Plaintiff's testimony were not able to be captured, in context, it appears that one or two words at a time were missing (as opposed to large phrases). <u>See</u> Tr. at 38-66. Additionally, Plaintiff's testimony on the whole can be understood. <u>See id.</u> The ALJ in the Decision summarized Plaintiff's testimony, <u>see</u> Tr. at 24, and did not make any findings that would suggest that Plaintiff was somehow prejudiced because his testimony was at times difficult to hear or inaudible. Plaintiff has not specifically alleged, and the undersigned cannot determine, any unfairness or clear prejudice as a result of the hearing recording being inaudible at times under these circumstances. In short, Plaintiff has not shown that the "omissions are so significant that they prevent fair judicial review." <u>Wanda S. v. Saul</u>, No. 1:20-CV-1914-MHC-JKL, 2021 WL 7708545, at *2-3 (N.D. Ga. Aug. 2, 2021) (Unpublished Order adopting Report and Recommendation) (collecting cases) (finding that 53 short inaudible portions of a hearing transcript did "not preclude judicial review and [were] not inherently prejudicial to Plaintiff").

As to Plaintiff's argument about certain medical evidence being considered at the reconsideration level but not being included in the administrative transcript, as Plaintiff recognizes, there was a discussion about

this issue during the hearing. Plaintiff's counsel pointed it out to the ALJ, see Tr. at 38, and the ALJ found that those documents were "from the prior cases" and were "dated 2017, and earlier," Tr. at 39. The ALJ further found that such evidence "wouldn't really matter in this case 'cause this is, I mean 2019, the date of filing, so we, we won't be able to go back that far." Tr. at 40. The ALJ stated that, in light of those findings, "the medical portion of the record" was complete. Tr. at 40. Plaintiff's counsel did not object to any of this. Counsel did state that he "ha[d] the earlier decision," presumably referring to an October 2017 ALJ decision adjudicating a prior-filed SSI claim, and he mentioned the decision "certainly can be leaned on a bit." Tr. at 40. The October 2017 ALJ decision, although not at issue here, is included in the administrative transcript. See Tr. at 72-84.

Plaintiff does not dispute the characterization of the records as "dated 2017, and earlier," so they would not be relevant to a claim in which the ALJ had to decide if Plaintiff was disabled beginning in 2019. And, to state the obvious, the ALJ did not consider such records in deciding the claim, having found that the medical evidence was complete. Further, the October 2017 decision summarizes the previous medical evidence. See Tr. at 72-84. Plaintiff does not attempt to explain how such records would be useful to his current claim. Again, under the circumstances, Plaintiff has not demonstrated unfairness or prejudice.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 7, 2022.

*[signature: James R. Klindt]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record